

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BERNICE MOORE,<br><br>Petitioner,<br><br>v.<br><br>LCDRF,<br><br>Respondent. | Case No.:  26cv2362-BTM (DDL)<br><br>**ORDER CONSTRUING PETITION AS FILED PURSUANT TO 28 U.S.C. § 2241, GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, an inmate confined at the Los Colinas Detention and Reentry Facility in Santee, California, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 along with a motion to proceed *in forma pauperis*.  (ECF Nos. 1-2.)  Petitioner claims she has been held on a $200,000 bond for five months without a court date on false criminal charges in violation of state law.  (ECF No. 1 at 1-3.)

Although Petitioner filed this action pursuant to 28 U.S.C. § 2254, she is a pretrial detainee rather than a state prisoner confined pursuant to a state court judgment and therefore may only proceed with a habeas action in federal court under 28 U.S.C. § 2241. *See White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004) ("Section 2254 is properly

understood as 'in effect implement(ing) the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.") Petitioner indicates she has not been convicted but is being detained pending resolution of criminal charges.  (ECF No. 1 at 2.)  Accordingly, the Court will construe the petition as one filed pursuant to 28 U.S.C. § 2241.

Petitioner has submitted an affidavit in support of her *in forma pauperis* motion attesting an inability to pay the $5.00 filing fee.  (ECF No. 2 at 1-2.)  The Court **GRANTS** the request to proceed *in forma pauperis*.  However, upon review, the Petition must be dismissed.

Petitioner has failed to invoke the Court's personal jurisdiction because she has named the Los Colinas Detention and Reentry Facility as Respondent.  "The actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

Petitioner has also failed to invoke the Court's subject matter jurisdiction because she alleges violations of state law only.  (*See* ECF No. 1 at 3-4.)  To invoke the Court's subject matter jurisdiction under 2241, Petitioner must allege she "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Finally, even if Petitioner could cure those defects of pleading, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.")  The Ninth Circuit has explained that: "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate(s) important state

interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek(s) to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018), quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).

Each of those criteria are satisfied in this case. It is evident that Petitioner's criminal case is ongoing in state court, that those proceedings implicate and involve important state interests, and there is no indication Petitioner cannot petition the state courts for the relief she seeks. Petitioner's claims in the instant Petition, which allege violations of state law (*see* ECF No. 1 at 3-4), are the types of claims the state courts provide an opportunity to present. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (courts "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.") Finally, it appears plain that the federal action sought, habeas relief, would have the effect of enjoining the ongoing state criminal proceeding. *See Younger*, 401 U.S. at 43-44 (holding that courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.")

Accordingly, because Petitioner has not demonstrated that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering in her ongoing state criminal proceedings, abstention is required, and the Petition must therefore be dismissed without prejudice. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."); *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action without prejudice).

/ / /

/ / /

Accordingly, the Court **CONSTRUES** the Petition as brought pursuant to 28 U.S.C. § 2241, **GRANTS** Petitioner's Motion to proceed *in forma pauperis* [ECF No. 2], and **DISMISSES** the Petition without prejudice.  The Court's scheduling order is vacated.

**IT IS SO ORDERED.**

DATED: April 23, 2026

_____
Hon. Barry Ted Moskowitz
United States District Judge

4

26cv2362-BTM (DDL)